ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
CHRISTOPHER K. PELHAM (Cal. Bar No. 241068)
Assistant United States Attorney
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0610
    Facsimile: (213) 894-0142
    E-mail:    christopher.pelham@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>CECILIA GUADALUPE YUCUPICIO,<br><br>    Defendant. | No. CR 14-267-MWF<br><br>PLEA AGREEMENT FOR DEFENDANT<br>CECILIA GUADALUPE YUCUPICIO |

    1.    This constitutes the plea agreement between CECILIA GUADALUPE YUCUPICIO ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

    2.    Defendant agrees to:

        a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Count Three of the

above-captioned indictment, which charges defendant with a violation of Title 21, United States Code, Section 856(a)(1).

       b.    Not contest facts agreed to in this agreement.

       c.    Abide by all agreements regarding sentencing contained in this agreement.

       d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

       e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

       f.    Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

       g.    Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

## THE USAO'S OBLIGATIONS

3.    The USAO agrees to:

       a.    Not contest facts agreed to in this agreement.

       b.    Abide by all agreements regarding sentencing contained in this agreement.

       c.    At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable

1 Sentencing Guidelines range, the propriety and extent of any
2 departure from that range, and the sentence to be imposed.
3          d.   At the time of sentencing, provided that defendant
4 demonstrates an acceptance of responsibility for the offense up to
5 and including the time of sentencing, recommend a two-level reduction
6 in the applicable Sentencing Guidelines offense level, pursuant to
7 U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an
8 additional one-level reduction if available under that section.
9          e.   With respect to count three, recommend that defendant
10 be sentenced to a term of imprisonment no higher than the low end of
11 the applicable Sentencing Guidelines range.

## NATURE OF THE OFFENSE

13     4.   Defendant understands that for defendant to be guilty of
14 the crime charged in count three, that is, maintaining a drug stash
15 house, in violation of Title 21, United States Code, Section
16 856(a)(1), the following must be true: First, the defendant knowingly
17 opened, maintained, leaded, rented, or used the residence specified
18 in count three of the above-captioned indictment and, Second,
19 defendant did so with the purpose of distributing a controlled
20 substance.

## PENALTIES

22     5.   Defendant understands that the statutory maximum sentence
23 that the Court can impose for a violation of Title 21, United States
24 Code, Section 856(a)(1), is: 20 years imprisonment; a three-year
25 period of supervised release; a fine of $500,000 or twice the gross
26 gain or gross loss resulting from the offense, whichever is greatest;
27 and a mandatory special assessment of $100.
28

6. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8. Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

4

9. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

10. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning on an unknown date, and continuing at least until April 30, 2012, defendant agreed and conspired with others to distribute controlled substance, including methamphetamine, from her residence located on Grape Street in South Los Angeles (the "Grape Street Stash House," as identified in count three of the above-captioned indictment. Defendant joined this conspiracy knowing of this object and intending to help accomplish it. Defendant's role in the conspiracy was to store and distribute drugs at the Grape Street

5

Stash House for the benefit of higher-up members of the conspiracy. Defendant would also, when directed by higher-up members, arrange delivery of methamphetamine to customers who visited the residence. Defendant played a minor role in the conspiracy.

In furtherance of the conspiracy, and to help accomplish its goals, defendant did the following overt acts on or about the following dates:

- On March 8, 2012, defendant assisted a co-conspirator with delivering methamphetamine to a customer who visited the Grape Street Stash House.
- On April 30, 2012, at the Grape Street Stash House, defendant agreed to deliver methamphetamine to a customer on behalf of a co-conspirator.
- On April 30, 2012, defendant possessed, or aided and abetted the possession of, approximately 273 grams of actual methamphetamine as well as a digital scale.  Defendant intended for that methamphetamine to be distributed to customers of the conspiracy.
- On April 30, 2012, defendant attempted to destroy evidence, by flushing drugs down the toilet, when confronted by law enforcement.

SENTENCING FACTORS

11.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the

Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

```
Base Offense Level:              31     [U.S.S.G. §§ 2D1.1(c)(3),
                                                  (a)(5)]
Adjustments:                     -2     [U.S.S.G. § 3B1.2(b)]
                                 +2     [U.S.S.G. § 2D1.1(b)(12)]
```

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

13. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

15. Defendant and the USAO jointly agree that because defendant has not sustained any prior convictions, and because defendant has not previously been sentenced to any period of incarceration for any offense, defendant should receive a <u>Booker</u> variance of at least five levels below the otherwise-applicable sentencing guidelines range.

16. At the time of sentencing, and consistent with the United States Sentencing Commission's April 10, 2014 amendment to the Drug Quantity Table found in subsection (c) of § 2D1.1, defendant and the USAO will recommend that the Court impose a further two-level downward variance from the otherwise-applicable Sentencing Guidelines range.

## AGREEMENT IN SAFETY VALVE ELIGIBLE MANDATORY MINIMUM DRUG CASES

17. Defendant and the USAO agree that:

   a. Defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense [charged in count three;

   b. The offense charged in count three did not result in death or serious bodily injury to any person; and

   c. Defendant was not an organizer, leader, manager, or supervisor of others in the offense charged in count three and was not engaged in a continuing criminal enterprise.

## WAIVER OF CONSTITUTIONAL RIGHTS

18. Defendant understands that by pleading guilty, defendant gives up the following rights:

   a. The right to persist in a plea of not guilty.

   b. The right to a speedy and public trial by jury.

   c. The right to be represented by counsel – and if necessary have the court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the court appoint counsel – at every other stage of the proceeding.

        d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

        e.    The right to confront and cross-examine witnesses against defendant.

        f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

        g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

        h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

19.    Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

20.    Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 60 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the term of probation or supervised release

9

imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

21. Defendant further agrees that in exchange for receiving the practical benefit of the Sentencing Commission amendment described above, defendant waives any right that she may have to file a motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the above-described amendment in the event the amendment goes into effect and is made retroactive by the Sentencing Commission.

22. The USAO agrees that, provided all portions of the sentence are at or below the statutory maximum specified above, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

23. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy

trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

24. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

25. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

26. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

1         a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

        b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

        c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND PROBATION OFFICE NOT PARTIES

27.   Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

28.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing

12

Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations above are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

29.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

30.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

31. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA
ANDRÉ BIROTTE JR.
United States Attorney

_[signature]_                                                      2/2/15
_____                               _____
CHRISTOPHER K. PELHAM                                       Date
Assistant United States Attorney


_____                               _____
CECILIA GUADALUPE YUCUPICIO                                 Date
Defendant


_____                               _____
ALEXANDER GRIGGS                                            Date
Attorney for Defendant


CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. This agreement has been read to me in Spanish, the language I understand best. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions,

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

31. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

ANDRÉ BIROTTE JR.
United States Attorney

_____    _____
CHRISTOPHER K. PELHAM                 Date
Assistant United States Attorney

*Cecilia Yucupicio*                   *1-27-15*
_____    _____
CECILIA GUADALUPE YUCUPICIO           Date
Defendant

_____    *January 27, 2015*
ALEXANDER GRIGGS                      _____
Attorney for Defendant                Date

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. This agreement has been read to me in Spanish, the language I understand best. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions,

14

and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

*cecilia yucupcio*                                                     1-27-15
CECILIA GUADALUPE YUCUPICIO                           Date
Defendant

### CERTIFICATION OF INTERPRETER

I, am fluent in the written and spoken English and Spanish languages.  I accurately translated this entire agreement from English into Spanish to defendant CECILIA GUADALUPE YUCUPICIO on this date.

*Estela Moll - Batala*                                                 1-27-15
INTERPRETER NAME AND SIGNATURE                      Date

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am CECILIA GUADALUPE YUCUPICIO's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of her rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

1  To my knowledge: no promises, inducements, or representations of any
2  kind have been made to my client other than those contained in this
3  agreement; no one has threatened or forced my client in any way to
4  enter into this agreement; my client's decision to enter into this
5  agreement is an informed and voluntary one; and the factual basis set
6  forth in this agreement is sufficient to support my client's entry of
7  a guilty plea pursuant to this agreement.

_____   Date  Jan 27, 2015
ALEXANDER GRIGGS
Attorney for Defendant
Cecilia Guadalupe Yucupicio