ALEXANDER L. GRIGGS (State Bar No. 1887177)
LAW OFFICES OF ALEXANDER L. GRIGGS
2785 Pacific Coast Highway, Suite 298
Torrance, California 90505
Tel: (310) 308-1643
Fax: (877) 222-5159
Email: alexandergriggs@hotmail.com

Attorney for Defendant,
CECELIA YUCUPICIO

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

CECELIA YUCUPICIO,

Defendant.

Case No.: 14-00267-MWF-12

SENTENCING POSITION MEMORANDUM OF DEFENDANT CECELIA YCUPICIO

Defendant CECELIA YUCUPICIO ("Ms. Yucupicio"), by and through counsel Alexander L. Griggs, respectfully submits the attached Sentencing Position Memorandum of Defendant Cecelia Yucupicio.

Said Sentencing Position is based upon the attached Memorandum, the Presentence Report and Recommendation ("PSR") filed herein by the United States Probation Office ("USPO"), the files and records of this case, the applicable sections of the United States Sentencing Guidelines ("USSG") and pertinent case law, and upon such further evidence and argument as may be considered by the Court at Ms. Yucupicio's sentencing hearing.

Leave is respectfully requested to supplement Ms. Yucupicio's Sentencing Position with such additional information as may become appropriate prior to the actual sentencing hearing in this matter.

Date: November 2, 2015

_____________/s/_______________
ALEXANDER L. GRIGGS, ESQ.
Attorney for Defendant
CECELIA YUCUPICIO

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.

INTRODUCTION

Ms. Yucupicio stands before the Court having entered a plea of guilty to Count 3 of the indictment, using and maintaining a drug involved premises in violation of 21 U.S.C. § 856(a)(1), 21 U.S.C. § 856(b). In the plea agreement the parties agreed to a 5 level variance, based upon Ms. Yucupicio's lack of prior record and minor role in the offense. In its "Second Supplement to Its Position Regarding Sentencing Factors," the government indicates that Ms. Yucupicio has satisfied all safety valve criteria (USSG §2D1.1(17), §5C1.2), and therefore is an offense level 15 and a criminal history category I, yielding a sentencing range of 18-24 months. The government recommends 18 months, the low end of the Guideline range, also pursuant to the plea agreement. Ms. Yucupicio respectfully submits to the Court that an 18 month sentence would be "sufficient but not more than necessary" to further the sentencing objectives as set forth in 18 U.S.C. § 3553(a), given Ms. Yucupicio's lack of prior record and minor role in the offense.

II.

GUIDELINE RANGE ANALYSIS AND PROBATION REPORT OBJECTIONS

Ms. Yucupicio respectfully objects to the following PSR findings by the USPO in this case:

PSR ¶¶ 5, 38

Inasmuch as the -2 points in the safety valve are not reflected in the PSR (at the time of its completion) Ms. Yucupicio objects the sentence calculation which does not reflect -2 points for safety valve eligibility.

III.

ARGUMENT

A. POLICY GROUNDS FOR DEPARTURE TO ADJUST THE USSG RANGE.

The United States Sentencing Guidelines are advisory, rather than binding, upon sentencing courts and 18 U.S.C. § 3553(a) mandates that the Court impose a

sentence that is "sufficient but not greater than necessary" to achieve the purposes of sentencing set forth in subsection (a)(2). United States v. Booker, 543 U.S. 220 (2005) In the "broader appraisal" available to the courts after Booker, courts "now have the discretion to weigh a multitude of mitigating and aggravating factors that existed at the time of mandatory Guidelines sentencing, but were deemed 'not ordinarily relevant,' such as age, education and vocational skills, mental and emotional conditions, employment record, and family ties and responsibilities." United States v. Merryweather, 431 F.3d 692, 700 (9th Cir. 2005) (*See also*, 28 U.S.C. § 994(d)(1-11) which provides for the relevance of: age; education; vocational skills; mental and emotional condition if relevant to mitigation; physical condition (including drug dependence); employment record; family ties and responsibilities; community ties; role in the offense; criminal history; and degree of dependence upon criminal activity for livelihood.)

Ms. Yucupicio was born and raised in Sinaloa Mexico. Her father was a heavy drinker, and physically abused her when she attempted to break up fights between her father and mother. She is one of several siblings, but does not know them well, as they lived with her grandmother, who regarded her as the "least favorite." Yucupicio's family was impoverished, in part because her father squandered his money on alcohol. Ms. Yucupicio attended three years of school in Mexico, and is unable to read or write. At ten years old, she was sent to her aunt's home to help her, as the woman suffered from arthritis. Yucupicio's uncle began exposing himself to her, and she ran away. However, her mother did not believe her as to this event. She and her mother baked bread and sold fish door to door. She collected cans to recycle and at times picked food to subsist in the fields with her godmother. She met her husband (and co-defendant in this case) when she was 17 years old. (PSR, ¶¶ 50-56)

Ms. Yucupicio's children have been taken by Department of Childrens Services, one of her sons lives with her husband's brother, and the other two children live in foster care. She is extremely worried as to their welfare. Ms. Yucupicio is an

illegal alien, subject to deportation, and experiences anguish over her ability to see her children again.

The fact that the government agreed to a five level variance in the case speaks volumes as to Ms. Yucupicio's relative culpability in the matter. She is an individual who comes from a very humble background, and has never been involved in this type of activity before this case. Suffice it to say it has had a profound effect upon her. The Court will not see Ms. Yucupicio again under these circumstances.

B. 18 U.S.C. § 3553(a) FACTORS FAVORING A VARIANCE AND A SENTENCE BELOW THE USSG RANGE.

Although the United States Sentencing Guidelines are advisory rather than binding, sentencing district courts must still consider the Guidelines range and a number of other factors set forth in 18 U.S.C. § 3553(a) in their determination of a sentence "sufficient but not greater than necessary" to achieve the four purposes of sentencing set forth in subsection § 3553(a)(2). Booker, *supra*. There is "no order of priority among all of (the § 3553(a)) factors." Booker, *supra*, Scalia dissent. "(W)hile the Guidelines still exert a gravitational pull on all sentencing decisions . . . district courts now have more discretion to tailor sentences to the individual circumstances of the defendant," and the sentencing factors set forth in § 3553(a), "while the mandatory applications made dormant, have a new vitality in channeling the exercise of sentencing discretion." United States v. Trujillo-Terraza, 405 F.3d 814 (10th Cir. 2005)

1. The Nature and Circumstances of the Offense – 18 U.S.C. § 3553(a)(1)

Ms. Yucupicio's involvement in the case is acknowledged to be minor. As stipulated in the plea agreement, she appears to have assisted in one completed drug delivery, the agreement to engage in similar conduct a second time, and attempting to flush drugs down the toilet during the police raid on her home. It is clear from the discovery in the matter that her (significantly older) husband was much more heavily involved in the conspiracy. While Ms. Yucupicio certainly acknowledges her wrongdoing and has expressed remorse for it, it is only fair to observe that she appears

to be an individual who otherwise had no proclivity for this behavior, who became tangentially involved in her husband's activities due to her relationship with him. She did not coordinate deliveries, nor does the discovery appear to reveal any other relevant conduct that was not stipulated to in the plea agreement.

2. The History and Characteristics of the Defendant – 18 U.S.C. 3553(a)(1)

In the interest of brevity, the issues and argument raised as to Ms. Yucupicio in III.A, *infra*, are incorporated by reference

3. The Need for the Sentence Imposed – Other 18 U.S.C. § 3553(a)(2) Factors.

The sentence proposed by the defense herein of 18 months is "sufficient but not greater than necessary" under the circumstances in this case. It will adequately "reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). It will "afford adequate deterrence to criminal conduct," and will likewise "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(B); 18 U.S.C. § 35553(a)(2)(C)

C. THE AGGREGATE OF MITIGATING FACTORS MERITS A MITIGATED SENTENCE

The Ninth Circuit, in United States v. Cook, 938 F.2d 149 (9th Cir. 1991) recognized that a combination of factors may present a mitigating circumstance warranting a downward departure. [*See also*, United States v. Floyd, 945 F.2d 1096 (9th Cir. 1991) – lack of guidance and education, abandonment by parents, and imprisonment at the age of 17 combined into a mitigating circumstance warranting departure.] Ms. Yucupicio submits the foregoing circumstances, viewed in the aggregate, merit the USSG low-end range sentence of 18 months in the case.

IV.

CONCLUSION

For the forgoing reasons, Ms. Yucupicio respectfully requests that the Court impose the USSG low-end range sentence of 18 months in her case. She respectfully contends that, under all the facts and circumstances of the matter, including a

consideration of the 18 U.S.C. § 3553(a) factors, such a sentence would be "sufficient but not greater than necessary" to accomplish the goals and aims of the sentencing process.

Date: November 2, 2015

Respectfully submitted,

____________/s/________________
ALEXANDER L. GRIGGS, ESQ.
Attorney for Defendant
CECELIA YUCUPICIO